UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:14-CR-33 |
| | )       2:23-CV-94 |
| JEREMIAH ELLIS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

In this petition filed under section 2255, Jeremiah Ellis argues his Hobbs Act robberies are no longer crimes of violence (presumably referring to *United States v. Davis*, 139 S. Ct. 2319 (2019)), and his attorney was ineffective for not challenging the status of those crimes of violence during the plea negotiation process and for failing to file a direct appeal.  However, his petition suffers from a number of deficiencies: it is untimely, barred by appellate waiver, most claims are procedurally defaulted, and in all events, it fails on the merits.  Therefore, the section 2255 motion will be denied.

**Background**

Ellis' crimes were extremely violent and dangerous: on March 29, 2014, he and his girlfriend ran into First Merchants Bank in East Chicago with their guns drawn and ordered customers and bank employees to the ground at gunpoint. [PSR, DE 251, ¶ 13.] Ellis then jumped over the teller counter and grabbed around $10,000 cash. [*Id.* ¶ 14.] While fleeing, Ellis' girlfriend drove their vehicle (with two young children in the backseat) while Ellis fired shots at the pursuing police officers.  [*Id.* ¶¶ 14-15.]  Ellis and

his girlfriend initially got away but about a week later, they led officers on another high speed chase in Southern Illinois through Missouri. Once again, during this pursuit, Ellis fired at the officers. [*Id.* ¶¶ 18-19.] Ellis was eventually caught, and he confessed to the bank robbery. [*Id.* ¶ 20.] In addition to the bank robbery, Ellis also previously robbed two gas stations in Hammond while brandishing a gun. [*Id.* ¶¶ 21-23.]

Ellis was indicted for bank robbery and discharge of a firearm during and in relation to a crime of violence. [DE 6.] A superseding indictment later added two Hobbs Act robberies and two charges of brandishing a firearm during and in relation to a crime of violence. [DE 28.] To recap, the superseding indictment charged: bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1); discharging a firearm during that crime of violence in violation of 18 U.S.C. § 924(c)(Count 2); Hobbs Act robbery in violation of 18 U.S.C. § 1951 for one gas station robbery (Count 3); brandishing a firearm during that crime of violence (Count 4); another Hobbs Act robbery for the other gas station robbery (Count 5); and brandishing a firearm during that crime of violence (Count 6). [DE 28.]

Ellis eventually pleaded guilty to Counts 1-5 of the superseding indictment. The plea agreement contained an express waiver of Ellis' right to file a section 2255 motion. Here's what it said:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in

2

> consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence, or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the negotiation of this plea agreement, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 238 at 6.]

On January 28, 2021, I sentenced Ellis to a total of 261 months on Counts 1-5 of the superseding indictment. [DE 261.] I then dismissed the remaining count (Count 6) and issued a final judgment on February 2, 2021. [DE 264, 266.] Ellis did not file a direct appeal.

Ellis filed his section 2255 motion on March 9, 2023. [DE 296.] He asserts the Court should vacate his section 924(c) convictions and sentences because Hobbs Act robberies are not valid predicate "crimes of violence" under section 924(c). Ellis also filed a motion to appoint counsel. [DE 297.]

## Discussion

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). To proceed on a habeas corpus petition pursuant to section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

3

In assessing Ellis' motion, I am mindful of the well-settled principle that, when interpreting a pro se petitioner's section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Riley v. United States*, No. 2:05-cv-380, 2006 WL 2849721, at *2 (N.D. Ind. Sept. 28, 2006) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

**I.     Timeliness**

Section 2255 has a one-year limitation period that begins to run the "latest of" four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted above, Ellis' judgment was issued on February 2, 2021. [DE 266.] His judgment became final when Ellis did not file an appeal by February 16,

4

2021 (14 days after judgment was entered). Fed. R. App. P. 4(b)(1)(A)(I). Therefore, since Ellis' petition wasn't filed until March of this year, it is over a year late.

On the issue of timeliness, Ellis can only prevail if one of the other statutory sections apply. Ellis addresses this in his reply memorandum. [DE 301 at 1.] He seems to argue there is a newly recognized right under *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Taylor*, 142 S.Ct. 2015 (2022). In *Davis*, the Supreme Court held that the residual clause's definition of "crime of violence" in § 924(c)(3)(B) is void for vagueness. *Id.* at 2336. Although the application of *Davis* does not save Ellis' claims (as explained later in this opinion), in just looking at the timeliness issue, because *Davis* was decided in 2019 – 4 years *before* Ellis filed his 2255 petition, that decision doesn't render his motion timely. Under 28 U.S.C. § 2255(f)(3), Ellis' motion would have been due one year after the date the Supreme Court initially recognized the right. While Ellis also tries to rely on *Taylor* to render his motion timely, and it is true that case was just decided in 2022, *Taylor* held that an *attempted* Hobbs Act robbery does not qualify as a crime of violence under the elements clause of the statutory definition of crime of violence. 142 S.Ct. 2015. Ellis did not participate in a failed robbery - rather, during both of the gas station robberies, he stole about $1,000 from each establishment; therefore, his crime was robbery—not attempted robbery—and *Taylor* is inapplicable. [PSR ¶¶ 22, 23.]

Ellis also contends he is actually innocent. [DE 296 at 5; 301 at 2.] Although untimely, there is an exception to section 2255(f)'s statute of limitations when the

5

petitioner is "actually innocent." The Supreme Court has stated that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (citation omitted). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). To do so, he must come forward "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Ellis has presented no new evidence whatsoever. Rather, he insists that, because of a change in law relating to Hobbs Act robbery, he must be innocent of those counts. However, as explained more later in this opinion, that is not an accurate recitation of the law.

In his reply memorandum, Ellis argues the time should be equitably tolled because he was subject to "extraordinary circumstances" including being on lockdown for COVID-19, not being able to visit the law library, and being deprived of his legal material. [DE 301 at 2-3.] To obtain equitable tolling, Ellis must demonstrate that: (1) he was diligently pursuing his rights; and (2) an extraordinary circumstance stood in his

6

way of making a timely filing. *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021). "Although not a chimera – something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (quotation marks and citations omitted).

While it is undoubtedly true that the pandemic caused widespread disruptions in the community as well as prison, the pandemic's "mere existence . . . does not warrant equitable tolling" without some explanation of how it prevented a section 2255 movant from timely filing his motion." *Coffey v. City of Freeport, Illinois*, No. 3:21-cv-50336, 2022 WL 1404750, at *2 (N.D. Ill. May 4, 2022); *see also Randle v. Simmons*, No. 19 C 6548, 2022 WL 15454407, at *5-6 (N.D. Ill. Oct. 27, 2022) (requiring applicant for equitable tolling to show a "nexus" between COVID-19 and missed deadline). Here, Ellis does not explain with any degree of specificity how the disruptions caused by the virus *prevented* his ability to file a timely motion. Additionally, the Seventh Circuit has held that a prisoner's limited access to a prison law library is not grounds for equitable tolling. *Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008).

I also note that Ellis filed a motion for compassionate release on January 10, 2022 [DE 280], which indicates that he did have the ability to file legal documents during this time period. *See, e.g., Katz v. United States Dep't of Labor*, 857 F. App'x 859, 864 (7th Cir. Aug. 18, 2021) (non precedential) (rejecting equitable tolling argument invoking COVID-19 when party was able to file other documents without incident during the same period sought to be equitably tolled).

7

For all of these reasons, Ellis' section 2255 petition is time-barred. While I could certainly stop my analysis here, for the sake of completeness, I will briefly explain why the motion is also barred by his appellate waiver, most claims are procedurally defaulted, and fails on the merits.

## II. Appellate Waiver

Generally speaking, "[i]t is well-settled in this Circuit, as well as in virtually every circuit that has considered the question, that defendants may waive their right to appeal as part of a written plea agreement." *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997). A waiver of the right to collaterally attack a sentence is enforceable as long as it is made knowingly and voluntarily, and is not the result of ineffective assistance of counsel. *Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012). Although there is no transcript of the change of plea hearing, it is my practice, and I remember reviewing the wavier, and Ellis agreed that he understood it, and that his plea was made knowingly and voluntarily.

The Seventh Circuit has "recognized only a few narrow and rare grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral review." *Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020) (internal quotations omitted). "For instance: if a district court granted relief on a constitutionally impermissible factor like race or gender; if the sentence exceeded the statutory maximum; or if the proceedings lacked a minimum of civilized procedure." *Id.* Ellis has not satisfied (or even argued) any of these bases for avoiding a valid collateral-

8

attack waiver.

Exactly on point to this situation, the Seventh Circuit has reaffirmed its line of caselaw holding that a defendant like Ellis who entered into a plea agreement with a waiver cannot later argue on collateral review that his underlying "crime of violence" no longer qualifies after *Davis*. *See Oliver v. United States*, 951 F.3d 841, 844-45 (7th Cir. 2020) (holding two defendants who agreed to the same waiver as Ellis and similarly argued their predicate crime for violence for a section 924(c) conviction no longer qualified after *Davis*, were barred by their waivers); *see also Grzegorczyk v. United States*, 997 F.3d 743, 746-49 (7th Cir. 2021); *United States v. Mitchell*, 657 F. App'x 605, 606 (7th Cir. 2016); *United States v. Carson*, 855 F.3d 828, 830-31 (7th Cir. 2017) (Hobbs Act robbery); *United States v. Wheeler*, 857 F.3d 742, 744-45 (7th Cir. 2017); *Davila v. United States*, 843 F.3d 729, 731-32 (7th Cir. 2016) (all finding defendant waived his right to challenge whether his predicate crime of violence qualified only under the residual clause).

As such, Ellis' appellate waiver in his plea agreement prevents this collateral attack.

### III. Procedural Default

The government also argues that Ellis cannot seek relief under section 2255 because most of his claims (with the exception of ineffective assistance of counsel) are procedurally defaulted by not raising them on direct appeal. I dealt with this same argument (as well as others in Ellis' motion), in the analogous cases of *Reyes v. United*

9

*States*, No. 2:20CV109-PPS, 2020 WL 4194147 (N.D. Ind. July 21, 2020), and *Cosby v. United States*, No. 2:15CR31-PPS, 2022 WL 2208928, at *2 (N.D. Ind. 2022). In *Reyes*, by the time of Reyes' sentencing, the Seventh Circuit had already held that the residual clause of section 924(c) was unconstitutionally vague. *Id.* at *2; *see United States v. Cardena*, 842 F.3d 959, 995-96 (7th Cir. 2016). Section 2255 cannot be employed as a substitute for a direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017).

While Ellis recites the standard for procedural default, he does not show cause and prejudice to overcome that barrier. [DE 301 at 1]. When Ellis was sentenced, the Seventh Circuit had already held that the residual clause of section 924(c) was unconstitutionally vague. Therefore, procedural default provides yet another basis to deny Ellis' section 2255 motion.

**IV.    The Merits**

As discussed above, Ellis' claims have multiple shortcomings. But even if I were to address them on the merits, they still fail. The Seventh Circuit recently expressly addressed the issue of whether a Hobbs Act robbery is a "crime of violence" within the meaning of section 924(c)(3)(A), post-*Davis* and *Taylor*. *United States v. Worthen*, 60 F.4th 1066, 1068 (7th Cir. 2023). The Court rationalized:

> Hobbs Act robbery criminalizes an unlawful taking "against [the victim's] will, by means of actual or threatened force, or violence,

10

> or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1). We have determined many times that "committing such an act necessarily requires using or threatening force" against the person or property of another. *McHaney*, 1 F.4th at 491 (quoting *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), vacated on other grounds, 138 S.Ct. 126 (2017)). We follow the course here and reiterate that the principal offense of Hobbs Act robbery qualifies as a crime of violence within the meaning of § 924(c)(3)(A).

*Id.* at 1068-69. Ellis contends that *Worthen* is different because he was charged with the discharge of a firearm resulting in death under 18 U.S.C. § 924(j). [DE 301 at 4.] However, the *Worthen* indictment alleged that the Hobbs Act robbery of a gun shop was the qualifying crime of violence; therefore, the case is analogous. *Id.* at 1067. Although Ellis concedes he has not raised any argument regarding the armed bank robbery in Counts 1 and 2 [DE 301 at 4], I note that federal bank robbery also remains a crime of violence post-*Davis*. *United States v. Giles*, No. 22 CV 3354, 2022 WL 2791353, at *1-2 (N.D. Ill. July 15, 2022) (collecting cases).

Accordingly, Ellis is not entitled to have his section 924(c) convictions or sentences vacated. Ellis cannot be considered actually innocent of these crimes since each 924(c) conviction is based upon what still remains under today's legal landscape crimes of violence under the elements clause.

Regarding Ellis' claim that his attorney was ineffective during the plea process and for failing to file a direct appeal [DE 296 at 4], this argument is still based on Ellis' misguided belief that Hobbs Act robbery is no longer a crime of violence.

11

Any ineffective assistance of counsel claim is governed by the 2-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, Ellis must first show the specific acts or omissions of his attorney "fell below an objective standard of reasonableness" and were "outside the wide range of professionally competent assistance" and second, he must show prejudice, which entails showing by "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 690, 694; *see also Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993). There is a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To establish the prejudice element for claims of ineffectiveness in the plea process, Ellis would have to prove that: (1) because of his attorney's ineffective assistance, he misunderstood the consequences of his plea agreement, and (2) he would not have pled guilty absent that misunderstanding. *Thompson v. United States*, 732 F.3d 826 (7th Cir. 2013). In other words, Ellis would not have pleaded guilty "but for" the attorney's mistakes. *United States v. Carroll*, 412 F.3d 787, 793 (7th Cir. 2005).

Ellis' plea agreement states he believed his "lawyer has done all that anyone could do to counsel and assist [him], and that [Ellis] now understand[s] the proceedings in this case against me." [DE 238 at 7.] Additionally, Ellis stated during the plea colloquy that he was fully satisfied with the advice and representation he received from

12

his counsel, and that he had an opportunity to go over his plea agreement in detail with counsel before he signed it.

In this case, it cannot be said that Ellis' attorney gave him inaccurate assistance regarding the state of the law, or that his alleged failure to file an appeal could be considered ineffective assistance of counsel for the salient reason that the law hasn't changed since Ellis' sentencing. His Hobbs Act robberies were, and still, constitute a crime of violence for purposes of section 924(c). Therefore, there can be no prejudice associated with his attorney's actions.

\* \* \*

An evidentiary hearing was requested by Ellis on this matter. [DE 296 at 4.] It is well-established that a district court need not grant an evidentiary hearing in all section 2255 cases. A hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000). Here, especially in light of the untimeliness of the motion, a hearing is not warranted.

\* \* \*

Ellis also filed a motion to appoint counsel. [DE 297.] A section 2255 proceeding is an independent civil suit for which there is no constitutional right to the appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). The Seventh Circuit has repeatedly held that "a prisoner seeking a sentence reduction does not have a right to appointed counsel." *United States*

13

*v. Johnson*, 304 F. App'x 464, 465 (7th Cir. 2008); *see also LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967) ("We hold that the law in this circuit is that appointment of counsel for indigents in habeas corpus and section 2255 proceedings rests in the sound discretion of district courts unless denial would result in fundamental unfairness impinging on due process rights.").

The Court has discretion to appoint counsel for financially eligible persons in a section 2255 matter when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In evaluating what the interests of justice require, courts typically consider: "(1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint." *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). The interests of justice do not warrant providing Ellis with counsel. His claims are untimely and not colorable. Therefore, the request for counsel is denied.

\* \* \*

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists

14

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Ellis has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued. 28 U.S.C. § 2253(c)(2); *Welch v. United States*, 136 S. Ct. 1257, 1263-64 (2016). If Ellis wishes to appeal this Opinion and Order, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure Rule 22.

**Conclusion**

For the foregoing reasons, Ellis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 296] is **DENIED**, and a certificate of appealability is also **DENIED**. Ellis' motion to appoint counsel [DE 297] is also **DENIED**. The Clerk shall enter judgment against Ellis and in favor of the United States in the civil case opened on the § 2255, Cause No. 2:23-cv-94. The Clerk is ORDERED to mail a copy of this opinion to Ellis.

SO ORDERED.

ENTERED: June 8, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT